UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE LEWIS THORNTON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER/JAILER BOYSEN, in his individual capacity, <br><br> Defendant. | 4:22-CV-04055-KES <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Charlie Lewis Thornton, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Defendant, Officer/Jailer Boysen, moves to stay discovery and for summary judgment. Dockets 18, 20. Thornton moves to subpoena video footage from the Sioux Falls State Penitentiary and for appointment of counsel. Dockets 25, 28.

I.  **Thornton's Motion for Summary Judgment**

  A.  **Factual Background**

Viewing the evidence in the light most favorable to Thornton, as the non-moving party, the facts are:[1] Thornton alleges that Officer Boysen failed to protect him in violation of the Eighth Amendment to the United States

---

[1] Because Officer/Jailer Boysen moves for summary judgment, the court recites the facts in the light most favorable to Thornton. Where the facts are disputed, both parties' averments are included. Under Local Civil Rule 56.1(D), "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to

Constitution. Docket 23 ¶ 1. This is the only claim remaining after screening. Docket 6. Thornton alleges that he was injured on or about March 7, 2022. Docket 23 ¶ 2. The South Dakota Department of Corrections (SDDOC) has an administrative remedy process found in Policy 1.3.E.2. *Id.* ¶ 5. The policy requires an inmate to exhaust his administrative remedies by first submitting an Informal Resolution Request (IRR). *Id.* ¶ 6. The administrative remedy process must be initiated within thirty days from "[a]ny adverse behavior or action by a staff member." *Id.* (quoting Docket 22 ¶ 3 (alteration in original)). SDDOC staff have ten days to respond to the IRR. *Id.* ¶ 7. If an inmate does not believe his grievance has been resolved through the IRR process, he has ten days to submit a Request for Administrative Remedy form. *Id.* ¶ 8. An inmate who is not satisfied with the response to the Administrative Remedy may, in some cases, appeal the decision to the Secretary for the SDDOC. *Id.* ¶ 9. After these steps have been completed, the inmate has exhausted his administrative remedies. *Id.*

The SDDOC staff searched its "Comprehensive Offender Management System" (COMS) and did not find an IRR or any other grievance document submitted by Thornton regarding the injuries he received on or about March 7, 2022. *Id.* ¶ 11. The SDDOC staff also contacted the Unit Coordinator from the unit where Thornton was housed in March of 2022 and the previous Administrative Remedies Coordinator and both denied receiving any grievance

---

the moving party's statement of material facts." Thornton did not file a statement of disputed facts.

documents from Thornton regarding the March 7, 2022, incident. *Id.* ¶ 12. Thornton was paroled from the SDSP on May 4, 2022. *Id.* ¶ 14.

### B.  Legal Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation omitted). The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphasis omitted).

3

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved . . . in favor of either party." *Id.* at 250. Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987) (per curiam). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). "[W]hen dealing with summary judgment procedures technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985) (citation omitted).

C. **Legal Analysis**

The Prison Litigation Reform Act (PLRA) provides that an inmate must exhaust all available administrative remedies before bringing an action with respect to prison conditions under either § 1983 or any other federal law. 42

U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This mandatory exhaustion requirement applies broadly to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in [federal] court." (citation omitted)). The PLRA requires "immediate dismissal" of all unexhausted claims. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

Before filing this action, Thornton was required to fully and properly exhaust his administrative remedies as to each claim in the complaint. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). To properly exhaust administrative remedies, Thornton must comply with the prison's procedures. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006) ("[P]roper exhaustion" under the PLRA requires prisoners to comply with the prison's deadlines and procedures.). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218.

Boysen alleges that in Thornton's institutional file there is no record that Thornton filed a grievance within the time period allowed following when Thornton alleged he was injured. Docket 23 ¶¶ 11, 12, 13. Thornton has not presented any evidence to show that he exhausted his administrative remedies

5

regarding his alleged failure to protect claim. Because Thornton did not exhaust his administrative remedies and there are no genuine issues of material fact on this issue, Boysen's motion for summary judgment (Docket 20) is granted.

## II. Motion for Appointment of Counsel

Thornton moves for the appointment of counsel. Docket 28. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." When determining whether to appoint counsel to a pro se litigant, the court considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (holding that the district court erred when it denied the plaintiff's motion for counsel solely because the plaintiff did not raise factually complex issues)). Here, Thornton claims that he is disabled and his ability to continue with his lawsuit is limited due to his disability, he cannot afford to retain private counsel, and he is not an attorney. *See* Docket 28.

But Thornton has proven that he can clearly communicate his position before the court. The court believes that Thornton can adequately present his

6

claims. Further, the issues are not factually complex. Thornton's motion for appointment of counsel (Docket 28) is denied.

Thus, it is ORDERED:

1. That Boysen's motion for summary judgment (Docket 20) is granted.

2. That Boysen's motion to stay discovery (Docket 18) is denied as moot.

3. That Thornton's motion to subpoena video footage from the Sioux Falls State Penitentiary North (Docket 25) is denied as moot.

4. That Thornton's motion for appointment of counsel (Docket 28) is denied.

Dated February 3, 2023.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE